UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH W. BROWN,

    Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

    Defendant.

CASE NO. C06-5525JKA

ORDER AFFIRMING
ADMINISTRATIVE DECISION

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration's final decision denying plaintiff's application for social security benefits. This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed, and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

Plaintiff argues for remand on the following basis: (i) the administrative law judge (ALJ) improperly found the Plaintiff did not have a severe impairment of chronic pain syndrome; (ii) the ALJ failed to provide clear and convincing reasons for rejecting the opinions of Dr. Carter, Dr. Birchard, and Dr. Deutsch; (iii) the ALJ improperly rejected the lay opinions of Sharon Crump, ARNP, and William Linnenkohl, M.P.T.; and (iv) the ALJ improperly rejected Plaintiff's testimony.

The Court must uphold the administrations's determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales,

ORDER
Page - 1

402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the administrative decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the parties briefs and the administrative record, the court finds and orders as follows.

1. Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85-28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28)(emphasis added).

At step-two in this matter, the ALJ found that Plaintiff had the following severe impairments: lumbar strain status post lumbar discectomy and diabetes with possible mild neuropathy (Tr. 463). Plaintiff argues the ALJ should have also found that he suffers from chronic pain syndrome. Plaintiff asserts that the medical expert testified that Plaintiff had a chronic pain syndrome impairment (Tr. 596) (Pl.'s Op. Br. at 10). However, the quoted testimony refers to a recitation of possible diagnoses identified by medical providers (Tr. 595-96). For instance, Dr. Smith testified that, ". . . and the last diagnosis relative to the back and leg pain is probably involved in a chronic pain syndrome" (Tr. 596). Later in his testimony, Dr. Smith testified that when Plaintiff participated in a pain clinic in 1997, he left the program

feeling "a lot better. And that's not usual to see with a chronic pain syndrome. . ." (Tr. 606). Furthermore, Dr. Smith noted that the Pain Clinic Director released Plaintiff to full-time medium exertional work, and found his condition fixed and stable on March 28, 1997 (Tr. 606). Accordingly, the failure to find this diagnosis as either a severe impairment in this case was harmless error. Stout v. Comm'r of Soc. Sec., 454 F.3d 1050, 1054-55 (2006). A more specific finding or assessment of these impairments would not have changed the ALJ's decision.

2. The ALJ's medical evaluation is supported by substantial evidence and is free of legal error. The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). She may not, however, substitute her own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Plaintiff argues the ALJ failed to properly consider the opinions of Dr. Carter, Dr. Birchard, and Dr. Deutsch. Dr. Carter is a treating physician; Dr. Birchard, an orthopedic specialist, treated Plaintiff for a few months in 1996. Dr. Deutsch is a consulting/reviewing physician, who evaluated Plaintiff's case for the state DSHS.

Plaintiff objects to the ALJ's assessment of the medical opinion presented by treating physician, Dr. Carter. Dr. Carter last examined Plaintiff in September 2000, and completed a residual functional capacity assessment in February 2002 that suggested Plaintiff was limited to less than sedentary level work (Tr. 467). However, in March 2002, Dr. Carter released Plaintiff to sedentary level work (Tr. 420-23). Furthermore, the ALJ noted that the medical expert, Dr. Smith, testified that he did not see any

justification for the February 2002 physical capacities evaluation (Tr. 596-98). Dr. Carter's treatment notes from 1996 through 2000 indicate that he recommended that Plaintiff "do daily exercises such as walking or stationary bicycling" (Tr. 245). In 1997, Dr. Carter disapproved a truck driver position because he felt that Plaintiff should not perform any prolonged sitting or lifting 30 to 50 pounds (Tr. 230). On January 21, 1997, Dr. Carter released Plaintiff for light duty for four hours a day (Tr. 229-30), and for full time light duty work on February 9, 1998 (Tr. 222). As noted, he last examined Plaintiff in September 2000 (Tr. 335).

In rejecting Dr. Carter's opinion, the ALJ noted the two year gap in treatment and that the opinion was not consistent with his treatment notes (Tr. 467). There was no indication that Dr. Carter had examined any updated medical records (Tr. 468). The ALJ noted that other medical providers had not documented that Plaintiff's condition had worsened (Tr. 468). The ALJ noted that Dr. Carter had changed his opinion from a prior release to light work in 1998 and expressed concern that the document was generated for purposes of litigation (Tr. 467).

As to Dr. Birchard's medical opinions, they were discussed in detail in the ALJ's first decision (Tr. 16) and properly considered. They were not at issue on remand (Tr. 486). However, as early as December 1996, Dr. Birchard opined that Plaintiff was limited to light duty work (Tr. 267-69).

Plaintiff alleges that the ALJ improperly rejected the opinions from the State Agency medical reviewers. Here, the ALJ also properly considered the findings from the State Agency physician, Dr. Deutsch, in which he opined that Plaintiff had limitations with regard to stooping and climbing of ladders, ropes, and scaffolds (Tr. 468, 409-12). Here, the ALJ properly included Dr. Deutsch's limitations in his residual functional capacity finding (Tr. 468).

The ALJ properly considered all medical source opinions and carefully crafted a residual functional capacity outlining Plaintiff's non-exertional limitations that were supported by the record (Tr. 467-68). The ALJ determined that Plaintiff had the residual functional capacity for sedentary to light work, stand and/or walk about 6 hours in an 8-hour workday with normal breaks, and sit about 6 hours in an 8-hour workday with normal breaks. The medical evidence, reasonably interpreted by the ALJ, properly supports this determination.

Finally, the ALJ also properly considered the lay opinion evidence. The ALJ can reject the

ORDER
Page - 4

testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ properly considered the lay opinions of Nurse Crump and physical therapist, Linnenkohl (Tr. 14, 16-17, 465-68). The ALJ properly considered these notes in the context of his review of the medical opinion evidence of record. Specifically, Nurse Crump concurred with an ability to do sedentary and light capacity work (Tr. 324). Moreover, this comported with an examination performed by Mark Heilbrunn, M.D., on December 7, 2001 (Tr. 316-19). Dr. Heilbrunn found that Plaintiff could sit one hour, walk one-half mile, and carry 5-10 pounds on a frequent basis (Tr. 318-19). The ALJ adopted Nurse Crump's exertional findings.

Plaintiff underwent a Performance-Based Physical Capacities Evaluation performed by William W. Linnenkohl, M.P.T. at Providence Hospital Physical Therapy on January 9, 1997. Mr. Linnenkohl indicated that Mr. Brown was limited to working only part-time. Mr. Linnenkohl reported that Mr. Brown was capable of only sitting for 30 minutes at a time for up to a total of 2 hours in an 8 hour work-day; he could stand only 15 minutes at a time for up to a total of 1 hour in an 8 hour work-day; and he could walk for only 20 minutes at a time for a total of only 1 1/3 hours in an 8 hour work-day. He could work only a 4 1/3 hour workday (Tr. 231). Mr. Linnenkohl's opinion is clearly at odds with Dr. Carter's, Dr. Birchard's, and Dr. Duetsch's opinions which all support the ALJ's interpretation and finding that Plaintiff is capable of performing a full range of sedentary work and a limited ranged of light work.

In sum, the ALJ properly considered the medical evidence and opinions. The ALJ carefully crafted a residual functional capacity outlining Plaintiff's limitations that are supported by the record. The ALJ's RFC determination was consistent with the credible medical evidence, and therefore, free of legal error.

3. Regarding Plaintiff's subjective complaints, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). An ALJ may reject a claimant's

subjective complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible, specifically Plaintiff's allegations of symptoms that would support a finding of total disability. After reviewing the record, the undersigned finds the reliable evidence does not support Plaintiff's allegations that he is incapable of working. The ALJ provided a number of reasons to support his credibility analysis (Tr. 16, 464). The Plaintiff's statements are inconsistent with the ALJ's findings regarding the medical evidence, as discussed above. The ALJ noted Plaintiff's own reported and demonstrated functional ability. For instance, Plaintiff does a full range of household chores, shopping, and cooking (Tr. 465). He can drive up to 60 miles at a time, works on cars, performs minor maintenance work, and attended vocational training (Tr. 465). He was noted to have dirt-stained and calloused hands during an examination in 2000 (Tr. 16). Based on all of the above, the ALJ correctly concluded that Plaintiff was not totally credible.

4. In conclusion, the Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 1st day of May, 2007.

>*/s/ J. Kelley Arnold*
> J. Kelley Arnold
> U.S. Magistrate Judge